# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MERIO FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-395 SEP |
| ) | |
| KELLY TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of pro se Plaintiff Kevin Merio Fields ("Plaintiff") for leave to commence this action without prepayment of the required filing fee. Doc. [3]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the initial filing fee. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the Complaint (Doc. [1]), the Court will allow Plaintiff to file an amended complaint in accordance with the instructions set out below. Finally, Plaintiff's Motion for Appointment of Counsel (Doc. [2]) will be denied without prejudice at this time.

### Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the income credited to the prisoner's account in the preceding month. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn application to proceed in the district court without prepaying fees or costs, Plaintiff states that he is not employed, has no income, has received no money in the past twelve months, and has no money in cash or savings. Doc. [3]. Based on this financial information, the Court will not assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a pro se plaintiff under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is

discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff is a pretrial detainee at the St. Louis County Justice Center. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights by former St. Louis County Police Department Crime Laboratory DNA Technician Kelly Taylor ("Defendant"), in her individual capacity only. Doc. [1] at 2. Plaintiff alleges that on February 6, 2016, in St. Louis County, Defendant falsified the results of a DNA test, resulting in his unlawful detention. *Id*. at 3. The allegations in Plaintiff's Complaint are brief. According to Plaintiff, Defendant "caused the test results to make a Codis[1] hit. [Defendant] was fired for doing this very thing to others. There have been several other test[s] that [were] all excluded." *Id.* Plaintiff's alleged injuries include being "subjected to being a pretrial detainee unjustly" and being confined in "life threatening" conditions at the St. Louis County Justice Center. *Id.* at 4. The relief sought by Plaintiff is unknown, as he left the "Relief" section of his form complaint blank. *Id.* at 5.

## Background

**I.     Pending State Court Case**

Independent review of the State of Missouri's online docketing system reveals that a St. Louis County grand jury returned an indictment against Plaintiff on May 11, 2016, on five

---

[1] According to the FBI's website, "CODIS is the acronym for the Combined DNA Index System and is the generic term used to describe the FBI's program of support from criminal justice DNA databases as well as software used to run these databases." *See* https://www.fbi.gov/services/laboratory/biometric-analysis/codis/codis-and-ndis-fact-sheet (last visited June 2, 2020).

charges: first degree murder, armed criminal action, first degree robbery, first degree burglary, and second degree domestic assault. *State v. Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016). The murder charge involved the death of a woman with whom Plaintiff had previously been romantically involved on February 4, 2016, by blunt force trauma and stabbing. Approximately one month before the murder, the victim received an Ex Parte Order of Protection against Plaintiff.

On September 30, 2019, defense counsel for Plaintiff in that matter filed two motions: "Motion to Compel Evidence Concerning DNA Analyst Kelly Taylor, DSN 3590" and "Motion to Dismiss with Prejudice, or, in the alternative, to Exclude All DNA Evidence, or, in the Alternative to Disqualify St. Louis County Crime Lab from Additional Testing." In these motions, defense counsel stated that the St. Louis County Crime Lab technician who prepared a report in the case, Kelly Taylor (Defendant), had been terminated from the Crime Lab. The termination was due to "professional misconduct" which occurred "around early-mid 2016." Defendant subsequently filed a grievance against the Crime Lab management. The prosecution opposed both motions, arguing that the Crime Lab personnel issues with Defendant were not related to the report she produced for this criminal matter and that Plaintiff had suffered no prejudice. The prosecution offered to have the Crime Lab tests performed by Defendant for the case redone by other technicians. Plaintiff's defense counsel opposed the additional testing.

On October 1, 2019, the St. Louis County Circuit Court heard arguments on the two motions. The Court denied both motions and ordered the State "to retest in the St. Louis County Crime Lab all evidentiary items 'touched,' manipulated or analyzed by Kelly Taylor." The case was on the St. Louis County Circuit Court's June 1, 2020, trial docket. However due to the COVID-19 pandemic, on May 21, 2020, the case was rescheduled for trial on January 19, 2021.

**II.      Habeas Filing in this Court**

According to a review of the Court's own records, Plaintiff filed a "Petition for Writ of Habeas Corpus" with this Court on January 13, 2020.  Plaintiff sought relief under the Sixth, Eighth, and Fourteenth Amendments.  *Fields v. Banasco*, No. 4:20-CV-67-AGF.  In his initial filing, Plaintiff stated:

> Petitioner was arrested on the 18th day of February, 2016 for a murder that occurred on the 4th day of February, 2016 due to a Codis hit from DNA removed from the crime scene on the 6th day of February, 2016 by Kelly Taylor.
>
> Petitioner states that the DNA sample is DNA Fingerprinting Evidence and is known to not have a consistent error report and does not share blanket acceptance.
>
> The results were found to be in error on the 10th day of March, 2016 by Kyra Groeblinhoff and also cross examined samples with the Petitioner and the Victim and were found not to match the sample found at the crime scene.
>
> Petitioner states that in Division 21 of Circuit 21 for cause No. 16SL-CR01188-01, counsel for Petitioner motioned the court for dismissal on those grounds and was denied due to the fact that the state wanted more testing.
>
> Petitioner would like to state that Kelly Taylor was fired from the St. Louis County Police Department's Crime Laboratory in 2017 for discrepancies in her test results and there are a lot of cases being retested due to this.

*Id.* at Doc [1].

After Plaintiff filed an amended petition on a Court-provided form, the Court reviewed the merits of the amended petition and dismissed the case under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *Id.* at Doc. [10].  The Court found that Plaintiff failed to allege any facts in his amended petition that would state a claim for relief as a matter of law.  Out of an abundance of caution, the Court also considered facts stated in Plaintiff's original petition that were not re-stated in the amended petition.  The Court found that evidentiary issues concerning the validity of DNA testing results would not constitute grounds for habeas relief under 28 U.S.C. § 2241, because they did not amount to allegations that the

State of Missouri was holding petitioner in violation of a federally protected right. *Id.* at Doc. [10].

## Discussion

Plaintiff does not specify in his Complaint what relief he seeks. To the extent Plaintiff seeks release from pretrial detention or dismissal of the charges against him, such relief is not available under 42 U.S.C. § 1983. In general, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action"). As discussed above, Plaintiff has already sought and been denied habeas relief by this Court on the facts alleged. *See Fields v. Banasco*, No. 4:20-CV-67-AGF (dismissed May 22, 2020).

To the extent Plaintiff's Complaint could be construed as seeking money damages, several obstacles stand in Plaintiff's way. Plaintiff's Complaint names only Defendant in her individual capacity. "Generally, individual-capacity suits involve actions taken by governmental agents outside the scope of their official duties. Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Plaintiff's Complaint, though vague, appears to allege that Defendant's wrongdoing occurred as part of her official duties as a DNA Laboratory Technician for the St. Louis County

Crime Lab. As such, Plaintiff's Complaint should have been filed against Defendant in her official capacity.

Government officials acting in their official capacities are typically entitled to some level of immunity from suit. *Ray v. Pickett*, 734 F.2d 370, 371 (8th Cir. 1984). "The extent of immunity accorded an official depends on the official's function." *Figg v. Russell*, 433 F.3d 593, 599 (8th Cir. 2006). Officials exercising judicial, prosecutorial, and legislative functions are entitled to absolute immunity. *Id*. Similarly, "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." *Myers v. Morris*, 810 F.2d 1437, 1466-67 (8th Cir. 1987).

Liberally construing Plaintiff's Complaint, it is possible he is attempting to assert a due process claim. In *Villasana v. Wilhoit*, the Eighth Circuit found that a plaintiff must establish bad faith, as required by the Supreme Court in *Arizona v. Youngblood*, 488 U.S. 51 (1988), to recover § 1983 damages from Crime Laboratory officials. 368 F.3d 976 (8th Cir. 2004). In *Youngblood*, the Supreme Court held that a failure by police to preserve potentially useful evidence does not constitute a denial of due process unless the criminal defendant can show bad faith. 488 U.S. at 58.

Because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. Specifically, Plaintiff should attempt to cure the pleading issues discussed above by clarifying the relief sought and constitutional claims alleged. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so the amended complaint must include *all* claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint

supercedes an original complaint and renders the original complaint without legal effect."). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms . . . ."). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff should clearly name every party he intends to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all defendants must be clearly listed. <u>Plaintiff should fill out the complaint form in its entirety</u>.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain

statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in

the dismissal of that defendant.  If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel.  Doc. [2].  The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).  This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time.  The action appears to involve straightforward questions of fact rather than complex questions of law.  Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's Motion for Appointment of Counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. [3]) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of Plaintiff shall, whenever the amount in Plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk of Court shall to mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. [2]) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this   24th   day of June, 2020.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE