UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MERIO FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-395 SEP |
| | ) | |
| KELLY TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Amended Complaint of self-represented plaintiff

Kevin Merio Fields ("Plaintiff").  Doc. [8].  The Court previously granted Plaintiff *in forma*

*pauperis* status and reviewed his § 1983 complaint under 28 U.S.C. § 1915.  Doc. [6].  Based on

that review, the Court directed Plaintiff to file an Amended Complaint on a Court-provided form

and in compliance with the Court's instructions.  For the reasons stated below, the Court will

stay and administratively close this action pursuant to the Supreme Court case of *Wallace v.*

*Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against

Plaintiff arising out of the same facts.

**Background**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center.  In his initial 42

U.S.C. § 1983 complaint, Plaintiff alleged violations of his civil rights by former St. Louis

County Police Department Crime Laboratory DNA Technician Kelly Taylor ("Defendant"), in

her individual capacity only.  Doc. [1] at 2.  According to Plaintiff, Defendant falsified the

results of a DNA test, which resulted in Plaintiff's unlawful detention.  *Id.* at 3.  Plaintiff's

alleged injuries included being "a pretrial detainee unjustly" and being confined in "life

threatening" conditions at the St. Louis County Justice Center.  *Id.* at 4.  Plaintiff left the "Relief" section of the initial complaint blank.  *Id.* at 5.

The Court reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and detailed multiple pleadings issues in its June 24, 2020, Order.  Doc. [6].  The Court directed Plaintiff to file an Amended Complaint in an attempt to cure pleading deficiencies, with a focus on clarifying what relief Plaintiff seeks and which constitutional claims he is asserting.

As also discussed in the Court's June Order, Plaintiff is currently being detained on five criminal charges, which were brought against him in early 2016 in Missouri state court.  Doc. [6] at 3-4, citing *State v. Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016).  These charges include one count of first-degree murder.  Defendant, in her former employment as a DNA Technician in the St. Louis County Police Department Crime Laboratory, prepared one report for Plaintiff's criminal case in February 2016.  At some later date, Defendant was fired from her employment for professional misconduct.  In September 2019, defense counsel for Plaintiff filed two motions in his criminal case, arguing that Plaintiff had suffered prejudice due to the non-disclosure of the circumstances surrounding Defendant's termination from the Crime Lab.  The Missouri Court rejected the motions, denying Plaintiff's request to compel evidence on Defendant's termination and his request to dismiss with prejudice or exclude all DNA evidence or disqualify St. Louis County Crime Lab from additional testing.  However, the Court did order the State "to retest in the St. Louis County Crime Lab all evidentiary items 'touched,' manipulated or analyzed by Kelly Taylor."  Although the results of the retesting are not clear from the state court record, there is a notation that the State provided defense counsel with "updated DNA labs" as part of its discovery disclosures in January 2020.  Plaintiff's criminal case is still pending and currently scheduled for trial in January 2021.

**The Amended Complaint**

Plaintiff's amended 42 U.S.C. § 1983 complaint again alleges civil rights violations

against former St. Louis County Police Department Crime Laboratory DNA Technician Kelly

Taylor ("Defendant") in her individual capacity only.  Doc. [8] at 2.  Plaintiff's "Statement of

Claim" reads as follows:

> There was a falsified DNA CODIS[1] hit.  The results were created in the St. Louis
> County Crime Lab in 2016.  I have been a pre-trial detainee with no other
> evidence due to this falsified CODIS hit.  All of the re-testing has come up
> inconclusive with my sample.  Also all of the re-testing of Kelly Taylor's tests
> have come up inconclusive.  Kelly Taylor supposedly came up with repeated
> conclusive matches to my DNA consistently enough to obtain a warrant.  Yet all
> testing says otherwise, including scrutiny of her work.  Kelly Taylor was removed
> from her position at the lab for this very thing on a very large scale.

*Id.* at 3.

As to injuries and relief, Plaintiff seems to be seeking nine (9) million dollars in damages

when he states: "Causing unlawful arrest 2,000,000, excessive bail, conspiracy to violate rights,

aid and abet, 2,000,000, unlawful distraint, 5,000,000."  *Id.* at 5.

**Discussion**

In *Wallace v. Kato*, the Supreme Court observed that it is common practice to stay § 1983

civil proceedings when a related criminal case is still pending.  549 U.S. 384, 393-94 (2007).

Where a Plaintiff files a claim before he is convicted, and that claim is related to rulings that will

likely be made in a pending or anticipated criminal trial, "it is within the power of the district

court, and in accord with common practice, to stay the civil action until the criminal case or the

likelihood of a criminal case is ended."  *Id.*  Otherwise, the court and the parties are left to

---

[1] According to the FBI's website, "CODIS is the acronym for the Combined DNA Index System and is the generic term used to describe the FBI's program of support for criminal justice DNA databases as well as the software used to run these databases." *Frequently Asked Questions on CODIS and NDIS*, FBI, https://www.fbi.gov/services/laboratory/biometric-analysis/codis/codis-and-ndis-fact-sheet (last visited September 9, 2020).

"speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's § 1983 action is based on the same facts and circumstances that give rise to his criminal charges in *State v. Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016).  Plaintiff's allegations concerning false lab reports and the lack of other evidence against him relate to rulings that "will likely be made in a pending or anticipated criminal trial."  *Wallace*, 549 U.S. at 393.  As such, *Wallace v. Kato* counsels that further consideration of Plaintiff's § 1983 claims should be stayed until the underlying criminal matter against him has been resolved.

A stay pending resolution of the criminal case is also appropriate here because a prisoner may not recover damages in a § 1983 suit where the judgment necessarily implies the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in *State v. Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016).

**IT IS FURTHER ORDERED** that Plaintiff shall notify this Court in writing within **thirty (30) days** after final disposition of the charges pending against him in *State v. Fields*, No. 16SL-CR01188-01 (21st Jud. Cir. 2016).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against Plaintiff.  This case may be reopened by Plaintiff filing a motion to reopen the case after such final disposition.

Dated this 7th day of September, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE